JOHN J. LITTON ET AL *v.* L. LITTON, GUARDIAN, ET AL.

Creditors Suit—Necessary Parties in Action to Subject a Life Estate.
    In a creditors suit, to subject a life estate descending to the debtor,
    under a will, providing that the property was to be held by the debtor for
    his children, but under his control and in every respect as his own,
    but not subject to his debts, it is held that the children were necessary
    parties thereto.

APPEAL FROM BOURBON CIRCUIT COURT.

February 17, 1869.

OPINION OF THE COURT BY JUDGE WILLIAMS:

By the will of the testator, Labem Litton, he made this devise,
"I want my son John J. Litton's children to inherit his portion

of my estate subject to his control in every respect as his own, only it is not to be sold for any debts he may have made or may hereafter make so as to disinherit his children."

It is evident that this will was drawn by one not skilled in legal principles or legal phrases, but taken with other provisions of the will the intention of the testator we think can be perceived.

Immediately preceding this devise he had bequeathed to his grand-daughters Mary L. and Nannie E. Hutsel *their portion of my estate,"* and immediately succeeding said devise he said: "I don't want Montgomery Hutsel to have the management or control of any property that Mary L. and Nanie Hutsel may inherit from my estate." The devise to his grand-children Hutsels he wanted to be free from the control of their father, testator's son-in-law, but the devise to his son John's children he wanted controlled by their father, the devise to both, however, were equally direct and immediate to his grand-children.

In other words, he gave to each set of grand-children that proportion which by law would have descended to their parent had there been no will, the one was to be free from the control of their father, whilst the other was to be controlled by the father. The devise to his son John's children was substantially that he gave to them the portion which would descend by law to his son John but for the will, but John was to be testamentary guardian for his children with unlimited power at his own discretion to sell and dispose of the property for their use and benefit, but it was not to be sold or taken to pay any of his existing and subsequently created debts. John's minor children were, therefore, essential in any attempt by his execution creditors with a return of no property found to subject this property or a life estate therein to sale in satisfaction of their demands, and therefore these minors should have been properly served with process and a guardian appointed to defend and defense put in, and irregularities in these particulars were reversable errors.

So whether the cause now adjudicated on its merits or the irregularity of the proceedings the error is equally fatal to the present judgment. Wherefore, it is reversed, with directions for further proceedings consistent herewith.

*Davis,* for appellant.

*Prall,* for appellee.